**Daniel Tilley**

| | |
|---|---|
| **From:** | Daniel Tilley |
| **Sent:** | Friday, January 20, 2017 4:37 PM |
| **To:** | kreid@joneswalker.com; Dan Russell (drussell@joneswalker.com) (drussell@joneswalker.com); Nancy Abudu; Akins, Liza; Grosack, Matthew; Leslie Cooper |
| **Subject:** | Keohane: conferral re potential motion to compel |

Good afternoon Kirk,

I hope all is well with you. I would like to confer with you prior to filing a motion to compel. Below are the issues. Please let me know your thoughts.

Interrogatory 1 asks about individuals who determine whether a medical need overrides security concerns. You said this was vague, ambiguous, calls for speculation, and is irrelevant because medical professionals have determined that Plaintiff does not have a medical need to grow her hair or wear female undergarments. The information sought is clear—who determines whether a medical need will override security concerns. We allege that Plaintiff has such a medical need, and this is a disputed fact at issue in the case. Will you provide this information?

Interrogatory 2 asks for all DOC or Wexford personnel involved in determining that Plaintiff does not have a serious medical need to wear female undergarments and access female grooming standards. You listed Dr. Santeiro "and his treatment team." We are entitled to the names of the others on the treatment team. Will you provide this information?

Requests for Production 4, 5, and 6 ask for documents concerning certain communications among prison medical personnel, and your response was a cross-reference to discovery responses from Defendant Dieguez. These requests were directed at Defendant Jones, and we are entitled to a response from Defendant Jones, regardless of how Defendant Dieguez responds. (We also contend that her response, which fails to provide the requested information, was inappropriate.) Will you provide these documents?

Request for Production 7 asks about communications concerning the freeze-frame policy. You responded that that is irrelevant and unduly burdensome given the purported lack of importance to the case, and protected by privilege. The information is both important and relevant, in part because we have a nominal-damages claim. Defendants asked the court to dismiss that relief, and the court did not do so. We are entitled to the information. If certain communications are privileged, the privileged portions can be redacted. Will you provide the documents?

Request for Production 8 asks about emails to or from DOC employees discussing a policy or practice regarding the treatment of inmates with Gender Dysphoria. You responded that it is irrelevant and unduly burdensome because of a purported lack of importance and lack of any temporal limitation, and contains privileged information. The information is relevant and important given Plaintiff's claim for failure to provide medically necessary care for her Gender Dysphoria, and we would accept a temporal limitation from the time of Plaintiff's initial entry into DOC custody. Any privileged information could be redacted. Will you provide these documents?

Request for Production 9 asks about requests from other inmates at men's facilities for access to female undergarments and grooming standards. The inability to search records electronically is not a valid basis to refuse to respond. We would accept a temporal limitation extending from January 1, 2012, to the present. The information is relevant to assessing the DOC's defense of lack of medical necessity and its stated security concerns. Will you provide these documents?

Request for Production 10 asks about incident reports concerning hair length since January 1, 2012. Similarly here, the inability to search records electronically is not a valid basis to refuse to respond. The information is relevant to assessing

the DOC's stated security concerns. I do not understand the contention that some of the inmates with incident reports were entitled to religious exceptions, because Mr. Kirkland testified at deposition that no religious exceptions were made for hair length. Whether or not that is actually the case, we are entitled to the documents to assess the DOC's stated security concerns. Will you provide these documents?

Request for Production 11 ask about documents discussing hair length rules at men's facilities. Similarly here, the inability to search records electronically is not a valid basis to refuse to respond. We would accept a temporal limitation extending from January 1, 2012, to the present. Will you provide these documents?

Requests for Production 13 and 14 ask about documents concerning conflicts between an inmate's need for medical care and security needs or exceptions made to DOC policies to meet the medical needs of an inmate. You responded that the information sought is irrelevant because the medical professionals concluded that Plaintiff does not have a medical need for the treatment she seeks. Plaintiff has alleged that she does have such a medical need. Moreover, some witnesses for the defendants have pointed to security rationales for denying access to clothing and grooming standards. The documents are thus highly relevant to her claim. Will you provide these documents?

Best,

Daniel

**Daniel Tilley | Staff Attorney**
**American Civil Liberties Union of Florida**
4500 Biscayne Blvd., Suite 340, Miami, FL 33137
Direct 786.363.2714 | Fax 786.363.1257 | dtilley@aclufl.org
**Because Freedom Can't Protect Itself | www.aclufl.org**

