**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**Tallahassee Division**

| | |
|---|---|
| **Reiyn Keohane,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 4:16-cv-511-MW/CAS** |
| **Julie Jones, in her official capacity as Secretary of the Florida Department of Corrections,** | |
| **Defendant.** | |

**FDC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO TAX COSTS**

Defendant Florida Department of Corrections ("FDC") respectfully files this reply pursuant to the Court's Order (doc. 202) and to plaintiff's objection (doc. 201) to FDC's bill of costs.

1. **Plaintiff's Objections to Specific Costs**

Plaintiff objected to three specific items:  printing costs for FDC's Supreme Court cert-petition response; transcript of the preliminary injunction hearing; and the deposition transcript of John McManus. (doc. 201 at 7-8).

FDC will not contest and will no longer seek costs associated with the Supreme Court cert-petition response or the preliminary injunction hearing transcript.  FDC, however, is entitled to costs incurred with the deposition of John McManus.

Mr. McManus's deposition was taken as part of plaintiff's 30(b)(6) deposition notice. The deposition topics included, in addition to exhaustion of administrative remedies, the procedures associated with adopting new FDC policies. These items were obviously at issue in this case, particularly at the time the deposition was taken, which is why plaintiff noticed and took the deposition.

Plaintiff, however, now claims that because the deposition ultimately was not used in the case the Court should deny the costs associated with the deposition. (doc. 201 at 8). But the Eleventh Circuit has concluded that even when the prevailing party (here, FDC) ultimately did not use the deposition the court may still award the cost as long as "no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken." *Watson v. Lake Cty.*, 492 F. App'x 991, 996-97 (11th Cir. 2012). *See also U.S. E.E.O.C. v. W&O, Inc.,* 213 F.3d 600, 621 (11th Cir. 2000) ("It is not necessary to use a deposition at trial for it to be taxable. . ."); *Jo Ann Howard & Assocs., P.C. v. Cassity*, 146 F.3d 1071, 1077 (E.D. Mo. 2015) ( "The relevant inquiry is not whether the parties used the depositions at trial, but, rather, whether the depositions reasonably seemed necessary at the time they were taken."); *Nall v. BNSF Ry. Co.,* 2017 WL 3887234 at *2 (S.D. Tex.) (costs allowed for "depositions of a party's own witnesses if the opposing party noticed and took the deposition").

The cost associated with Mr. McManus's deposition is properly taxed and should be awarded by the Court.  Omitting the costs associated with the Supreme Court printing ($1,678.63) and the preliminary injunction hearing ($306.60), FDC requests that costs be awarded  in the amount of $13,356.43.

### 2.  The Court Does Not Have Unfettered Discretion to Deny Costs and Should Award FDC Its Costs as Prevailing Party

This Court plainly has discretion in considering a motion to tax costs.  *See, e.g., Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 462 (11th Cir. 1996).  This discretion, however, is not as boundless as plaintiff claims.  *See, e.g., Head v. Medford*, 62 F.3d 351,354 (11th Cir. 1995) (holding that "although the district court has discretion to deny a prevailing party costs, such discretion is not unfettered").

There is of course no question that FDC is the prevailing party in this lawsuit.  *See* doc. 201 at 3 (stating that "Plaintiff lost her case on the merits . . . ").  Absent some extenuating circumstance (lacking here), a prevailing party should be awarded costs.  *See, e.g., Yellow Pages Photos, Inc. v. Ziplocal*, 846 F.3d 1159, 1166 (11th Cir. 2017) (stating the general rule that there is a "strong presumption that the prevailing party will be awarded costs").

To overcome this "strong presumption" this Court would need to find some improper litigation behavior or conduct on FDC's part, which FDC respectfully suggests is not present here.  Indeed, the Eleventh Circuit has explicitly concluded that any denial of costs to the prevailing party would be in the "nature of a penalty

for some defection on [prevailing party's] part in the course of the litigation." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

Plaintiff lost her central claim – that the social transitioning sought was constitutionally mandated.  Contrary to plaintiff's sole objection to costs, that FDC has adopted its own policy based on its own considerations is not a reason to deny costs. *See, e.g., CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S.Ct. 1642, 1651 (2016) ("The defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed . . .").

FDC prevailed in this case.  There is no defect in the nature of a penalty that supports the Court denying FDC its necessary costs.  *Ziplocal, supra* at 1166; *Chapman, supra* at 1039.

## Conclusion

FDC should be awarded its costs as prevailing party.  Plaintiff has not overcome the "strong presumption" that costs should be awarded.  Accordingly, FDC respectfully requests that it be awarded $13,356.43 in costs.  FDC requests such other and different relief as justice may require.

4

## <u>Certificate of Word Count</u>

Undersigned counsel, pursuant to Local Rule 7.1(F), certifies that this

response contains 794 words.


Respectfully submitted,

*/s/ Kirkland E. Reid*
Kirkland E. Reid (REIDK9451)
The Finley Firm, PC
200 13th Street
Columbus, GA  31901
T: (706) 322-6226
F: (706) 322-6221
Email:  kreid@thefinleyfirm.com
Attorney for Florida Department of
Corrections

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 2nd day of November 2021, electronically filed a true and correct copy of the foregoing via the CM/ECF system which will send notice to all counsel of record:

/s/ *Kirkland E. Reid*
Kirkland E. Reid