IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**REIYN KEOHANE,**

    *Plaintiff*,

v().                                  Case No.: 4:16cv511-MW/CAS

**JULIE JONES,** *in her official capacity*
*as* **Secretary of the Florida Department**
**of Corrections,**

    *Defendant.*
_____/

## ORDER ON COSTS

Pending before this Court is Defendant's motion to tax costs, ECF No. 199, Ms. Keohane's response, ECF No. 201, and Defendant's reply, ECF No. 203. Defendant concedes that certain costs are not compensable and agrees to omit costs associated with the Supreme Court printing ($1,678.63) and the preliminary injunction hearing ($306.60). Otherwise, Defendant seeks costs in the amount of $13,356.43.

Ms. Keohane asks this Court to exercise its discretion to deny Defendant's costs, "[g]iven the substantial public benefit provided by Plaintiff's lawsuit and the unfairness of forcing Plaintiff to pay Defendant's costs under the circumstances." ECF No. 201. In support of her position, Ms. Keohane cites numerous courts across

the country that have exercised their sound discretion to deny costs in cases involving, among other things, issues of great public importance or resulting in benefits to the public.

This Court recognizes that it has discretion as to whether to award costs to the prevailing party, but its discretion is not unfettered. *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) (noting that "although the district court has discretion to deny a prevailing party costs, such discretion is not unfettered," and reiterating that the trial court "must give a reason for its denial of costs" (citation omitted)); *See also* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Here, without question, Defendant is the prevailing party in this litigation.

But Ms. Keohane asserts her case was a force for good that "resulted in a major shift in the policy and approach of the DOC with respect to the treatment of transgender individuals in DOC custody." ECF No. 201 at 5. For this reason, and because (1) this case involved the novel issue of access to social transition in prison, (2) Ms. Keohane's good faith in bringing her claims, and (3) the unfairness of forcing Ms. Keohane to pay Defendant's costs from funds she has saved for gender-affirming surgery, Ms. Keohane asks this Court to deny Defendant's costs in full.

With respect to Ms. Keohane's good faith in bringing her claims and the unfairness attendant to forcing her to pay Defendant's costs with funds saved for her gender-affirming surgery, this Court notes that "good faith and limited financial resources are not enough to overcome the strong presumption in favor of awarding costs to the prevailing party." *Pickett v. Iowa Beef Processors*, 149 F. App'x 831, 832 (11th Cir. 2005). "[A] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to rule 54(d)." *Chapman v. Al Transp.*, 229 F. 3d 1012, 1039 (11th Cir. 2000); *see also Brown v. U.S. Dep't of Agric.*, No. 6:06-cv-1329-Orl-18UAM, 2008 WL 203382, *1 (M.D. Fla. Jan. 23, 2008) (reducing taxable costs by 50% based on Plaintiffs' financial status). But if this Court considers a party's financial status, it "should require substantial documentation of a true inability to pay." *Chapman*, 229 F.3d at 1039. Here, Ms. Keohane has not submitted *any* documentation to demonstrate a true inability to pay. And although the parties fully litigated the novel issue of access to social transition in prison, Ms. Keohane was ultimately unsuccessful in that endeavor. *See Keohane v. Fla. Dep't of Corrs. Sec'y*, 952 F.3d 1257, 1278 (11th Cir. 2020) ("[W]e reject on the merits her claim that FDC violated the Eighth Amendment by refusing to accommodate her social-transitioning-related requests.").

Finally, had Ms. Keohane's claims been limited only to the matter of the provision of hormones and Defendant's "freeze-frame" policy, Ms. Keohane is arguably entitled to an order denying Defendant's costs based on the public importance and public good she produced by prosecuting her claims. But this case also involved lengthy litigation over an issue—social transitioning in prison—upon which Ms. Keohane did not prevail. Indeed, the matters on which Plaintiff arguably prevailed—receiving hormones and changing Defendant's "freeze-frame" policy— were resolved in part before this Court even got involved. *See, e.g.*, ECF No. 51 (order denying motion for preliminary injunction); ECF No. 67 at 81 ("But I find that based on the current status of Ms. Keohane's treatment, the status can be – status quo can be maintained as we move forward, and therefore the motion for preliminary injunction is denied."). In balancing the equities, albeit a close call, this Court concludes that the public benefit of Ms. Keohane's claims with respect to hormone treatment and the former "freeze-frame" policy do not outweigh the strong presumption of costs to which Defendant is entitled.

Accordingly, Defendant's motion to tax costs, ECF No. 199, is **GRANTED in part** and **DENIED in part**. This Court finds Defendant is entitled to costs totaling $13,356.43.[1] The Clerk shall enter judgment for costs stating, "Defendant is entitled

---

[1] Plaintiff has cited nothing in the record to suggest that Mr. McManus's deposition was "not related to an issue in the case when the depositions were taken." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 622 (11th Cir. 2000). To the contrary, Defendant asserts Mr. McManus testified as

4

to judgment against Plaintiff in the amount of $13,356.43 in costs, for which sum let execution rest." The Clerk shall close the file.

**SO ORDERED on November 17, 2021.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**

---

a 30(b)(6) witness regarding, among other topics, exhaustion of administrative remedies and procedures associated with adopting new FDC policies—both of which are topics related to issues in this case. Accordingly, deposition costs for Mr. McManus are compensable and included in the costs total.